**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mark B. Mitchell and Celine C. Mitchell, Plaintiffs,

v.

Ronald Joseph Albertelli and Mary Frances Snelling, Trustees of the Mary Frances Snelling Living Trust; Donnita C. Harmon and Jimmie Phillip Harmon, Defendants,

Of Whom Mark B. Mitchell, Celine C. Mitchell, Ronald Joseph Albertelli, and Mary Frances Snelling are the Respondents,

And

Donnita Harmon and Jimmie Harmon are the Appellants.

Appellate Case No. 2022-000236

———————

Appeal From Aiken County
M. Anderson Griffith, Master-in-Equity

———————

Unpublished Opinion No. 2023-UP-113
Submitted March 1, 2023 – Filed March 22, 2023

———————

**AFFIRMED**

———————

John W Harte, of John W Harte Attorney At Law, LLC, of Aiken, for Appellants.

Bradley A. Brodie, of Smith, Massey, Brodie, Guynn & Mayes, LLC, of Aiken, for Respondents Ronald Joseph Albertelli and Mary Frances Snelling.

Woodrow Grady Jordan, of Smith Jordan, P.A, of Easley, for Respondents Mark B. Mitchell and Celine C. Mitchell.

---

**PER CURIAM:**  In this dispute involving competing claims for the right to purchase a parcel of real estate in Aiken County, Donnita and Jimmie Harmon (collectively, the Harmons) appeal an order of the Aiken County Master-in-Equity granting a request by Mark and Celine Mitchell (collectively, the Mitchells) for specific performance of their contract to purchase the subject property from Ronald Joseph Albertelli and Mary Frances Snelling, Trustees of the Mary Frances Snelling Living Trust (collectively, the Trust).  On appeal, the Harmons argue the master erred in ruling their right of first refusal to purchase the subject property was unenforceable.  We affirm pursuant to Rule 220(b), SCACR.

The master correctly found the Harmons' right of first refusal to purchase the subject property was unenforceable because the contractual language purportedly granting them this right did not specify any time limit within which the Harmons were to exercise this right once they had been informed of the Trust's intention to sell the property to the Mitchells.  Accordingly, we affirm the grant of specific performance to the Mitchells.  *See Clarke v. Fine Housing, Inc.*, ___ S.C. ___, ___, 882 S.E.2d 763, 769 (2023) (noting "courts often examine the time period within which [a right of first refusal] can be exercised after the owner decides to sell" because "[a]lienation can be substantially restrained when the holder of the right has an extended time to decide whether he will purchase the property"); *id.* at ____, 882 S.E.2d at 769 (indicating the complete absence of provisions delineating the procedural requirements the appellant was to follow to exercise a right of first refusal—including a limitation on the time within which he could exercise this right—supported the conclusion that the right was an unreasonable restraint on alienation).

**AFFIRMED.**[1]

**WILLIAMS, C.J, and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.